No. 11,037.

DAWE v. HOSKINS.

Decided June 15, 1925.

Action to recover share of purchase price of a warehouse.  Judgment for plaintiff.

*Reversed.*

1.  SALES—*Contract—Failure of Condition.*  Under agreement for sale of a warehouse located on leased land, where purchaser was to complete payment upon ascertainment that a new lease could be procured, he was warranted in refusing to pay when a new lease could only be obtained at a greatly increased rental.

2.  CONTRACT—*Co-owners.*  Agreement between two of three co-owners of a building concerning a sale of the property, held not binding without consent of the third.

3.  PLEADING—*Complaint—Evidence.*  A complaint which merely states evidence tending to show a new contract, without pleading the terms thereof in substance, held insufficient.

*Error to the District Court of Las Animas County, Hon. A. F. Hollenbeck, Judge.*

Messrs. HAWLEY & ERICKSON, for plaintiff in error.

Mr. FRANK H. HALL, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

UPON trial to the court Hoskins had judgment against Dawe in an action to recover his (Hoskins') share of the price of a certain warehouse and other buildings in Trinidad, which he claimed had been purchased by Dawe, and the case comes here for review.  There were three

causes of action stated, but the court found for defendant on the second and third and no error is assigned thereon, so we notice only the first.

Dawe, Hoskins and one Conger held a ground lease from the railroad company of the land on which the building stood, at $150 per annum, which was to expire in about four years. They had leased the building to the Trinidad Bean and Elevator Company for $200 per month. They wished to sell the building and divide the proceeds and entered into an agreement, inter alia, as follows:

"That said warehouse, office and elevator shall be offered for sale to the highest bidder for cash * * * that a notice of said sale shall be published * * * said notice to be in the following form: * * * Notice is hereby given that we * * * will * * * offer the said warehouse, office and elevator for sale and sell the same to the highest bidder for cash * * * the owners are lessees of said ground * * *. Said warehouse, office and elevator are subject to a certain lease in favor of The Trinidad Bean and Elevator Company. * * *"

"The successful bidder will be required to deposit with Mr. Gregory, (the Auctioneer) certified check, bank draft or cash in the sum of two thousand dollars which said amount shall be held in escrow by Mr. Gregory until it is ascertained if lease can be secured from the said railway company in lieu of the lease now extant, and when said lease is secured by the successful bidder the balance of the purchase price shall become due and payable forthwith. * * *"

An addendum provided that the net proceeds should go to Dawe three-sevenths, to Hoskins three-sevenths, and to Conger one-seventh.

At the sale the property was struck off to Dawe on his bid of $11,000. He refused to pay on the ground that the lease could not be obtained from the railway company unless at a rent of $380 per annum. This was a good ground for refusal under the contract, because the procuring of a lease from the railway company was a

condition of the agreement to pay, and, since it is not reasonable to say that such lease was to be at any rent whatsoever, however large, we must say that the rent was to be the same as before, $150 per month, therefore the lease offered by the railway company did not fulfill the condition.

The plaintiff, however, seeks to avoid this proposition thus: The complaint alleges: "That on said 7th day of April, A. D. 1923, and immediately after said bid was accepted by said Gregory, the defendant, C. J. Dawe, then and there notified said Gregory and said plaintiff that he waived his right to wait until it was ascertained if a lease could be secured from said railway as provided in said 'Notice of sale' before paying the balance of the purchase price and that he would forthwith pay the full price of said property to said Gregory and that by doing so he would be entitled to all future rent on said property to which said H. D. Hoskins then and there agreed. That said C. J. Dawe did pay to said Robert S. Gregory the $2,000.00 as provided in said 'Notice' to be held in escrow and that said Gregory still holds said sum.'

This is insufficient for several reasons of which we will mention two. First, such a contract as the pleader here attempts to state could not be made without Conger, who is not mentioned, and, second, what is stated is mere evidence tending to show a new contract by which Dawe, in consideration of the surrender to him by his cotenants of their share of the rents coming from the lessee company agreed to pay the purchase price at once, without awaiting a new ground lease, and it should have been so pleaded in substance.

There was a demurrer to the whole complaint which was not heard and which therefore we will not notice. We mention the defects of the complaint as a convenient way of showing the defects in plaintiff's case, which were the same in his evidence. The testimony does not show that Conger came into the agreement and so shows no

agreement. It is true Hoskins testifies that Dawe told him that he (Dawe) "had taken this matter up with Mr. Conger and Mr. Conger had agreed to it;" that he "had talked to Mr. Conger and Mr. Conger was agreeable to it, "but Conger and Dawe both deny that Conger had agreed to it, and Conger was plaintiff's witness. Under this evidence we do not see how a finding that he did agree to it could stand, and without such finding the judgment cannot stand even supposing the pleading stated the contract sufficiently.

The judgment on the first cause of action is reversed and new trial granted thereon. The judgments on the other causes are not before us.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.