## No. 11,731.

### HOSKINS *v.* DAWE, ET AL.

Decided January 31, 1927.  Rehearing denied February 21, 1927.

Action on money demand.  Judgment for defendant.

### *Affirmed.*

### *On Application for Supersedeas.*

1. APPEAL AND ERROR—*Judgment.*  Judgment on causes of action on which no error is assigned, becomes final.

2.   *Conflicting Evidence.*  Judgment based on facts concerning which the evidence is conflicting, will not be disturbed on review.

3. EVIDENCE—*Checks.*  In an action to recover part of the purchase price of a building, checks offered by plaintiff as tending to show that defendant took possession of the building and received and appropriated rents therefrom, held immaterial and properly excluded as they were neither made payable to, nor indorsed by, defendant.

4. APPEAL AND ERROR—*Former Review.*  Where plaintiff's case, made on a retrial, is identical with the one theretofore on review held insufficient, or which is a new and contradictory one, judgment for defendant will be upheld.

*Error to the District Court of Las Animas County, Hon. A. F. Hollenbeck, Judge.*

Mr. FRANK H. HALL, for plaintiff in error.

Messrs. HAWLEY & ERICKSON, for defendants in error.

*Department One.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error was plaintiff, and defendants in error were defendants, in the trial court, and for convenience we hereinafter so refer to them. Plaintiff and defendant Dawe each owned three-sevenths of a building in Trinidad and one Conger owned the other seventh. The three were partners, and under the firm name of the Trinidad Grain Company conducted their business in the building in question. In 1922, having closed out the business, but not dissolved the partnership, they leased the building to the Trinidad Bean and Elevator Company. It was situated on land belonging to the Atchison, Topeka and Santa Fe Railway Company, which land was under lease to the grain company. In 1923 the partners contracted to dispose of the building at public sale conditioned upon the execution of a new lease by the railway company to the purchaser. Sale was made accordingly and the building struck off to defendant Dawe. The latter, in conformity to said contract, made a payment of $2,000 on the purchase price to Gregory, the auctioneer, to be held by him in escrow pending the execution of a new lease by the railway company. Being unable to secure the lease, Dawe demanded the return of the deposit. Thereupon plaintiff, alleging a modification of the contract, as between himself and Dawe, by the terms of which Dawe was to pay in full and take possession immediately after the sale, and that such possession was

accordingly taken, brought this action to recover his share of the purchase price. He had judgment, which was reversed here on defendants' writ of error. *Dawe v. Hoskins,* 77 Colo. 501, 238 Pac. 50.

The original complaint contained three causes of action and by reference to the case last cited it will be seen that the trial court found for defendant on the second and third and no error was assigned thereon, hence the judgment with respect thereto became final. By leave of court plaintiff filed an amended complaint stating substantially the things contained in his original complaint, with the addition of a paragraph (No. IV) alleging that the modification of the contract was entered into between the three partners, and setting forth the whole as a single cause of action. Motions to strike this amended complaint for variance, to strike the additional paragraph, to separately state and number the causes of action, and to make Conger a party, were filed and overruled, as was also a demurrer for misjoinder of parties defendant, ambiguity, and want of facts. Dawe answered denying the modification and plaintiff replied. The jury found generally for defendants. Judgment was accordingly entered against plaintiff for costs and in favor of defendant Dawe for the return of his escrow payment. To review that judgment plaintiff prosecutes this writ and asks that it be made a supersedeas.

It is undisputed that plaintiff must recover on his alleged modification of the contract or not at all, and it is further apparent from our former decision that that modification must be limited to a modification entered into between the three parties as set out in paragraph IV of the amended complaint. Hence we omit from consideration the facts which have no bearing thereon. The evidence concerning that alleged modification is conflicting and for that reason the judgment must stand. Plaintiff, however, contends that certain checks, which he says if admitted would have been conclusive in his favor, showing that defendant did take possession and there-

after received and appropriated rents, were erroneously excluded. But as these checks were not payable to defendant or indorsed by him they show, if anything, the contrary, and in any event were immaterial.

In open court in answer to defendants' motion to require plaintiff to elect between his alleged causes of action, his counsel stated that he would rely on the contract set forth in paragraph V, which was a contract with Dawe for his share instead of a contract for full payment as in the original complaint. Defendant then objected to that paragraph as a departure, a new cause of action, and an amendment not permitted under our former decision, and orally demurred to it for want of facts. Counsel for plaintiff then added: "We are not relying entirely on paragraph V of our complaint; that isn't the idea; we are relying on our whole complaint." Objections and demurrer were thereupon overruled, but the court did not otherwise pass upon the motion to separate. The correct interpretation of all this clearly seems to be that plaintiff relied upon said paragraph V and so much of the remainder of the complaint as was necessary to uphold it as a cause of action. The significance of this is that the preceding paragraph sets out a similar modification by a contract between Hoskins, Dawe and Conger but the record does not support it.

In our former opinion we said: "We mention the defects of the complaint as a convenient way of showing the defects in plaintiff's case, which were the same in his evidence. The testimony does not show that Conger came into the agreement and so shows no agreement. It is true Hoskins testifies that Dawe told him that he (Dawe) 'had taken this matter up with Mr. Conger and Mr. Conger had agreed to it'; that he 'had talked to Mr. Conger and Mr. Conger was agreeable to it,' but Conger and Dawe both deny that Conger had agreed to it, and Conger was plaintiff's witness. Under this evidence we do not see how a finding that he did agree to it could

stand, and without such finding the judgment cannot stand even supposing the pleading stated the contract sufficiently.''

It will thus be seen that the case now made by plaintiff, if any, and upon which he must stand or fall here, is the identical case heretofore held insufficient, or a new and contradictory one.

For all the foregoing reasons the judgment is affirmed.

MR. JUSTICE DENISON, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.